**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-30386**
_____


**SCHWEGMANN WESTSIDE EXPRESSWAY INCORPORATED,**

**Plaintiff-Appellant/Cross-Appellee,**

**versus**

**K-MART CORPORATION, ET AL.,**

**Defendants,**

**GULF LIFE INS. CO.,**

**Defendant-Appellee/Cross-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(94-CV-2095)**
_____

**March 27, 1997**

Before REAVLEY, KING, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

When Schwegmann Westside Expressway, Inc., entered into an agreement in 1993 to purchase a mall, "as is", from Gulf Life Insurance Company, and to assume a lease between K-Mart Corporation and Gulf Life (the leased premises had been vacant since 1987; approximately six months remained on the lease term), Schwegmann

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

was aware that a roof leak had caused damages to the premises leased by K-Mart; and Schwegmann had a copy of the lease between Gulf Life and K-Mart, which provided that Gulf Life was responsible for the roof and for keeping the premises "safe, dry and tenantable", and that K-Mart was to surrender the premises in good condition except for, *inter alia*, repairs to be made by Gulf Life.

Pursuant to the purchase and sale agreement, Gulf Life furnished Schwegmann with a landlord estoppel letter, representing that it had no knowledge of any default under the K-Mart lease; but, that representation was based solely upon the lease, which was attached, and "the notices, if any", received by Gulf Life from K-Mart while Gulf Life was the owner of the property. K-Mart never gave Gulf Life any notice of default prior to the sale. Because, *inter alia*, there was no justifiable reliance by Schwegmann on the landlord estoppel letter, it cannot prevail on its negligent misrepresentation claim against Gulf Life.

The purchase and sale agreement provides for attorney's fees being awarded to the prevailing party in an action to enforce or interpret that agreement, or for indemnity. Because Schwegmann's was not such an action and because Gulf Life's reliance on the indemnity provision in the agreement is misplaced (there is no evidence that Schwegmann breached any of the representations or warranties referred to in that provision), Gulf Life's attorney's fees claim fails.